UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
NOEL ARROYO,                                              :
                                                          :
                                   Plaintiff,             :
                                                          :                22 Civ. 73 (JPC)
                  -v-                                     :
                                                          :                ORDER OF SERVICE
KENT SECURITY SERVICES,                                   :
                                                          :
                                   Defendant.             :
                                                          :
                                                          :
                                                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d

Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if

the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil

Procedure generally requires that the summons and complaint be served within 90 days of the date

the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and

complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court

therefore extends the time to serve until 90 days after the date the summons is issued.  If the

complaint is not served within that time, Plaintiff should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility

to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir.

2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the

defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an

extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Kent Security Services through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.  Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court is instructed to issue a summons for Kent Security Services, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.  The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: March 3, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge