UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2022
```

NOEL ARROYO,

                              Plaintiff,

          -against-

KENT SECURITY SERVICES,

                              Defendant.

22-cv-73 (JPC) (KHP)

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

  Plaintiff Noel Arroyo ("Arroyo") brings this action against Kent Security Services under the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq*. and the New York City Human Rights Law, N.Y. City Admin. Code. 8-101, *et seq*. He asserts that he was discriminated against because of an unspecified disability that precluded him from wearing a face mask, a requirement of his job during the COVID pandemic.

  Arroyo has requested that the Court appoint him pro bono counsel. (ECF No. 11.) In civil cases such as this, an indigent litigant is not entitled to court-appointed counsel—unlike in a criminal case. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). A court may, in its discretion, request an attorney to represent an indigent person. *See* 28 U.S.C. 1915(e)(1); *Mallard v. U.S. Dist. Court for the S. Dist. Of Iowa*, 490 U.S. 296, 301-02 (1989). However, because the U.S. Courts do not have funds to pay counsel in civil matters, the Court does not routinely request pro bono counsel. Assuming the litigant has supplied adequate proof of indigence, the Court must assess whether the litigant's position "seems likely to be of

substance" before making a request for pro bono counsel.  *Hendricks v. Coughlin*, 114 F.3d 390,

392 (2d Cir. 1997) (quoting *Hodge*, 802 F.2d at 61-62).  If it is unclear from the face of the

pleading whether the claims have some threshold merit or chance of success, appointment of

counsel is not warranted.  *Hodge*, 802 F.2d at 60-61; *Baskerville v. Goord*, 2001 WL 527479, at

*1 (S.D.N.Y. May 16, 2001).  However, if the pleading satisfies this threshold showing, the Court

considers the following factors to determine whether to request pro bono counsel:  (1) the

plaintiff's ability to investigate key facts; (2) whether conflicting evidence implicating the need

for cross-examination will be the major proof presented to the fact-finder; (3) the plaintiff's

ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in

the case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *Hendricks*, 114 F.3d at 394-95.  The court should also consider

whether the plaintiff has attempted to obtain a lawyer, and whether a lawyer is already

available to assist the plaintiff.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir.

1989).

      Here, Arroyo has been granted IFP status and thus has sufficiently demonstrated his

inability to afford counsel.  (ECF No. 4.)  While it is not entirely clear from the pleading whether

his claim of discrimination and failure to accommodate can withstand a motion to dismiss, the

Court finds that the complaint is sufficient to require an analysis of the additional five factors

listed above.  Factor one weighs against requesting counsel at this time because the facts

pleaded are straightforward and involve an alleged request for the accommodation not to wear

a mask, a denial of that request, and termination of employment.  The Plaintiff has knowledge

of the facts and at the moment appears able to investigate them.  Factor two is neutral at this

point in the litigation.  Discovery may reveal that cross-examination will be the major proof presented to the fact-finder, but at this stage, it is unclear whether this is so.  Factor three, like factor one, weighs against the request because Plaintiff has demonstrated an ability to present the facts of his case in a clear manner and there is no reason at this point to believe the facts are so complex that he cannot competently present his case.  Factor four weighs against the application at this stage.  The legal issues her are straightforward, not complex:  did the defendant fail to reasonably accommodate Plaintiff's request not to wear a mask and terminate him due to his alleged disability?  Factor five is neutral at this point, as there is no reason to believe that a just determination will not be reached if Plaintiff proceeds pro se.

For all these reasons, Plaintiff's request for counsel (ECF No. 11) is DENIED.  However, this denial is without prejudice to Plaintiff making another request at a later stage in the case when discovery might tilt some of the factors in favor of the Court requesting pro bono counsel.

The Court notes that Plaintiff may avail himself of resources that exist for pro se litigants.  Specifically, there is a free legal clinic run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.  A party without legal representation can make an appointment in person or by calling 212-659-6190.  The Court strongly encourages Plaintiff to make an appointment with the clinic.

**The Clerk of Court is respectfully requested to mail a copy of this Opinion & Order to the Plaintiff.**

**SO ORDERED**.

Dated: New York, New York
      July 20, 2022

**KATHARINE H. PARKER**
**United States Magistrate Judge**