USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

NOEL ARROYO,

                                 Plaintiff,                         **22-CV-73 (JPC) (KHP)**

       -against-                                              **ORDER**

KENT SECURITY SERVICES,

                                 Defendant.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letters requesting an entry of a default judgement. (ECF Nos. 47, 48). The Court also notes that the Clerk of the Court has approved Plaintiff's proposed Order to Show Cause and issued a Certificate of Default. (ECF Nos. 37, 45). Once the Clerk issues a certificate of default, the moving party (here, the Plaintiff) may move for entry of default judgment, pursuant to Rule 55(b). *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011) (citing Fed. R. Civ. P. 55(a)).

A default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, Plaintiff is not entitled to default as a matter of right. *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-cv-6317 (ADS) (AKT), 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), adopted by, 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013). Plaintiff bears the burden to demonstrate that his uncontroverted allegations, without more, establish the defendant's liability on each asserted

cause of action. *Id.* To obtain damages, a plaintiff bears the burden of establishing entitlement to recovery and must substantiate its claims *with evidence* to prove the extent of their damages. *Id.* Thus, even when a defendant has defaulted, a substantive analysis of the alleged claims is required to determine whether the plaintiff may be awarded damages, and proof of damages is required. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).

By Monday, **January 29, 2024**, Plaintiff is directed to file a motion for default judgement accompanied by a memorandum of law in support of the motion. The memorandum should be accompanied by supporting affidavits and exhibits setting forth proof of damages.

Upon receipt of Plaintiffs' motion and supporting papers, the Court will direct the Clerk of the Court to mail copies of the motion papers to Defendant's address.

Defendant shall have until **February 29, 2024** to object or otherwise respond to Plaintiff's Motion for Default Judgment and application for damages. Defendant must file any objections or response with the Court and serve the response and/or objections on Plaintiff.

**The Clerk of the Court is respectively directed to mail a copy of this order to Defendant Kent Security Services, 150 W 28th Street, Unit 1103, New York, NY 10001 and to the Plaintiff.**

        **SO ORDERED.**

DATED:    New York, New York
               December 14, 2023

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge

2