```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL ARROYO,

                Plaintiff,

-against-

KENT SECURITY SERVICES,

                Defendant.

22-CV-00073 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On January 4, 2024, Plaintiff Noel Arroyo, proceeding *pro se*, filed a motion for default judgment against Defendant Kent Security Services.  Dkt. No. 50.  On April 15, 2024, the Court referred Plaintiff's motion for default judgment to Magistrate Judge Katharine H. Parker for a Report and Recommendation.  Dkt. No. 57.  In the Report and Recommendation filed on April 24, 2024, Magistrate Judge Parker recommended that Plaintiff's motion be denied in its entirety and also recommended that Plaintiff be ordered to show cause as to why his Complaint should not be dismissed for failure to state a claim.  Dkt. No. 58 at 1.  Plaintiff followed Magistrate Judge Parker's recommendation and filed a document entitled "Order to Show Cause" that set forth "reasons why Claimant Neil Arroyo's Claim should not be dismissed."  Dkt. No. 59 at 1.

On August 1, 2024, this Court adopted Judge Parker's Report and Recommendation and denied Plaintiff's motion for default judgment.  Dkt. No. 61.  The Court explained that Plaintiff's show cause submission did not correct or address the fatal deficiencies identified in Judge Parker's Report and Recommendation.  These fatal deficiencies included:  (1) Plaintiff's failure to exhaust administrative remedies; and (2) a failure to plead that Plaintiff has a disability within

the meaning of the Americans with Disabilities Act ("ADA") or to identify any major life activity that is impaired by the claimed physical or mental impairment. *See* Dkt. No. 61 at 4–5.

This Court afforded Plaintiff another opportunity to amend his complaint to correct the deficiencies in his original complaint that his show cause submission did not address. *Id.* at 6. In doing so, the Court specifically stated that "[i]f, and only if, the proposed amended complaint successfully addresses both of the fatal deficiencies identified above and described more fully in the Report and Recommendation, the Court will consider allowing the filing of an amended complaint." *Id.* If Plaintiff's proposed amended complaint did not correct the deficiencies, the Court advised that the "case will be dismissed for failure to state a claim on which relief can be granted." *Id.*

On September 3, 2024, Plaintiff filed an amended complaint.[1] Dkt. No. 62. Plaintiff's amended complaint, even generously construed given Plaintiff's *pro se* status, does not correct or in any way address the deficiencies in his original complaint identified by both this Court's August 1, 2024 Order and Judge Parker's Report and Recommendation. In sum, despite having two opportunities to do so, Plaintiff has been unable to present the Court with a complaint or other submission that remedies the fatal deficiencies in his original complaint.

Accordingly, for the reasons set forth in Judge Parker's Report and Recommendation and this Court's August 1, 2024 Order adopting it, it is hereby ORDERED that this case is DISMISSED for failure to state a claim on which relief can be granted. The Clerk of Court is respectfully directed to TERMINATE this case.

The Court certifies under 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appeal.

---

[1] Plaintiff's amended complaint was filed on September 3, 2024, but was not docketed until September 10, 2024. *See* Dkt. No. 62.

3

*Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates food faith when he seeks review of a nonfrivolous issue).

Dated: September 19, 2024
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge